**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSE RENE CRUZ-GUEVARA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 97-2739

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A71-799-698)

Submitted: April 7, 1998

Decided: May 19, 1998

Before ERVIN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald L. Schlemmer, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, Brenda E. Ellison, Senior Litiga-
tion Counsel, Pauline Terrelonge, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jose Rene Cruz-Guevara petitions for review of an order of the Board of Immigration Appeals ("the Board") denying his application for asylum and withholding of deportation but granting voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

Cruz-Guevara, a native and citizen of Honduras, entered the United States without inspection in late December 1988 and again in the summer of 1991. He concedes his deportability. Following a hearing, an Immigration Judge denied Cruz-Guevara's petition for asylum and withholding of deportation but granted his application for voluntary departure. The Board reviewed the claims and dismissed his appeal concluding that Cruz-Guevara did not demonstrate a well-founded fear of persecution because of his political opinion and social membership. Cruz-Guevara timely petitions this court for review of the Board's order.

Cruz-Guevara alleges that in 1988 while living in Honduras, in a town bordering El Salvador, a rebel group, the Cinchoneros, attempted twice to recruit him and threatened to kill him or use force if he refused. He maintained that two members of his party, the National Party, had been killed for refusing to cooperate with the Cinchoneros. Cruz-Guevara testified that the Cinchoneros forcibly recruited him once and detained him for a week. Soon after he escaped, Cruz-Guevara fled to the United States. Although Cruz-Guevara stayed in the United States for two years, he did not apply for asylum. Cruz-Guevara maintains that he returned to Honduras in December 1990, believing that the Cinchoneros forgot about him or were no longer active. He remained in Honduras for four months without difficulty. When his father died, however, members of the Cinchoneros again threatened to kill him if he refused to join them

2

and demanded food and money. After convincing the Cinchoneros that he needed time to mourn his father's death, Cruz-Guevara again fled to the United States. Cruz-Guevara believes that the Cinchoneros will kill him if he returns to Honduras having escaped from them twice.

An alien qualifies for asylum if he is unable or unwilling to return to the country of his nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1997). To demonstrate a "well-founded fear of persecution," an individual must show that a reasonable person under these circumstances would fear persecution and that the fear has some basis "in the reality of the circumstances" validated with "specific, concrete facts." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). Petitioner must also show his fear of persecution stems from one of five categories of persecution listed in the Act. See id. at 999-1000.

We must uphold the board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio, 979 F.2d at 999. We reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias , 502 U.S. 478, 483-84 (1992). We also note that to qualify for withholding of deportation, an alien must prove a probability of persecution, a more stringent standard than a well-founded fear of persecution. See Huaman-Cornelio, 979 F.2d at 1000.

We conclude that substantial evidence supports the Board's finding that Cruz-Guevara failed to establish past persecution and a well-founded fear of future persecution. There is no evidence that Cruz-Guevara was ever seriously physically injured on account of his political beliefs, including the time he was detained for a week. We agree with the Board's conclusion that the harm Cruz-Guevara suffered does not rise to the level of past persecution within the meaning of the Act.

We also find no evidence of a causal connection between the Cinchoneros' zealous recruitment of Cruz-Guevara and Cruz-Guevara's

3

political affiliations. In fact, Cruz-Guevara admitted that the Cinchoneros did not single him out on account of his political beliefs, but rather generally targeted young men. Given the changed conditions in Honduras since 1991, the Board also correctly concluded that Cruz-Guevara cannot establish a well-founded fear of future persecution.

Because Cruz-Guevara fails to meet the burden of proof for asylum, he necessarily fails to meet the higher standard for withholding of deportation under 8 U.S.C.A. § 1253(h) (West Supp. 1997). See Huaman-Cornelio, 979 F.2d at 1000. We therefore affirm the Board's ruling denying Cruz-Guevara asylum and withholding of deportation but granting voluntary departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED